# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROBERT A. MCNEIL, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 17-1720 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 45, 48, 49, 52, 53 |
| | : | | |
| G. MICHAEL HARVEY, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT; DENYING PLAINTIFFS' MOTIONS TO STRIKE; DENYING DEFENDANTS' MOTION FOR ORDER DIRECTING PLAINTIFFS TO COMPLY WITH FED. R. CIV. P. RULE 5(B)(1)

### INTRODUCTION

Plaintiffs in this case brought suit against the federal judges who dismissed multiple prior cases in which Plaintiffs had alleged the Internal Revenue Service ("IRS") was engaged in a tax falsification program. The Court dismissed Plaintiffs' claims for lack of Article III standing, and Plaintiffs have now filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure seeking to alter or amend the Court's judgment. Plaintiffs also renew a motion to strike all filings by Defendants, based on allegedly improper conduct by the attorney representing them. Defendants separately move for an order directing Plaintiffs to comply with Fed. R. Civ. P. Rule 5(b)(1). Because Plaintiffs seek to reargue points this Court has already decided, most of which were immaterial in the decision to dismiss the case for lack of subject matter jurisdiction, the Court denies the motion to alter the judgment. The Court accordingly denies as moot all remaining pending motions.

1

## BACKGROUND

The Court has previously described the facts of this case, *see McNeil v. Harvey*, No. 17-1720, 2018 WL 4623571, at *1 (D.D.C. Sept. 26, 2018), and confines its recital here to the most relevant facts. Plaintiffs previously filed suits against the IRS and Department of Justice ("DOJ"), alleging a conspiracy to falsify tax records to wrongfully fine and incarcerate them. *See generally* Compl., ECF No. 1. Each of Plaintiffs' ten lawsuits were dismissed as barred by the Anti-Injunction Act. *McNeil*, 2018 WL 4623571, at *2.

Plaintiffs then sued Magistrate Judge G. Michael Harvey and District Court judges Dale A. Drozd, Christopher Cooper, and Amy Berman Jackson ("Defendants"),[1] the judges who dismissed Plaintiffs' cases. *Id.* DOJ appeared and purported to represent Defendants in the matter. Defs.' Notice of Appearance at 1, ECF No. 19. Defendants filed a motion to dismiss, arguing, *inter alia*, that Plaintiffs lacked standing and that the Court accordingly lacked subject matter jurisdiction over their claim. *McNeil*, 2018 WL 4623571, at *3. Plaintiffs then filed a motion to strike Defendants' motion to dismiss from the record. Pls.' Mot. Strike Filing at 1, ECF No. 37. Plaintiffs claimed that because they had sued each judge in his or her personal capacity, Defendants were not entitled to legal representation by DOJ. *Id.* at 4-5. In response to Defendants' motion to dismiss, Plaintiffs argued that Defendants were not entitled to judicial immunity and that this Court could redress the wrongful dismissal of their earlier cases by granting declaratory relief, which would "give Plaintiffs standing to re-file [their] cases, and thus eventually, [t]o finally secure access to adequate, meaningful and effective judicial relief." Pls.' Opp'n Mot. Dismiss at 5, ECF No. 27.

---

[1] Judge Amy Berman Jackson was added as a Defendant in the amended Complaint. Am. Compl., ECF No. 11.

On September 26, 2018, the Court issued an opinion resolving these issues and dismissing Plaintiffs' case. *McNeil*, 2018 WL 4623571, at *8. The Court found that "the declaratory judgment Plaintiffs seek would not void or recognize as void Defendants' orders" and therefore would not redress Plaintiffs' claimed injury. *Id.* at 5. Because it accordingly found that Plaintiffs lacked standing to bring their claims, the Court dismissed the case for lack of subject matter jurisdiction. *Id.* And although neither party addressed whether judicial immunity is available in a declaratory relief action, the Court separately raised the issue in a footnote, noting that Plaintiffs' claims were likely barred independently of standing because "judges acting in their judicial capacity, as here, are likely to be absolutely immune from actions for equitable relief under *Bivens*." *Id.* at 3 n.2.

On October 24, 2018, Plaintiffs filed a motion to alter the September 26, 2018 judgment. First, Plaintiffs argue that the Court failed to "accept, as true, Plaintiffs' Complaint allegations." Pls.' Mot. Alter J. at 5, ECF No. 45. Second, they argue that the Defendants' previous rulings on Plaintiffs' cases are not binding because they went beyond issues raised by Plaintiffs, and therefore that this Court can redress those judgments. *Id.* at 6. Third, Plaintiffs allege that the Court erred when it suggested that Defendants had judicial immunity. *Id.* at 10–13. Fourth, Plaintiffs claim that Defendants unlawfully obtained DOJ representation after this Court fabricated a reason for DOJ to get involved in the case. *Id.* at 16–17. Fifth, Plaintiffs assert that their claims have not been adjudicated and that they have no meaningful appellate relief. *Id.* at 11, 14, 17. And sixth, Plaintiffs ask the Court to take judicial notice of orders and opinions filed in *Ellis v. Jackson*, No. 16-2313 (D.D.C.) and *Stanley v. Lynch*, No. 16-2313 (D.D.C.) on June 19, 2018 and June 20, 2018. *Id.* at 2. Plaintiffs argue that these filings provide evidence of "material relevance" for the Court to consider in deciding on their motion. *Id.* at 3.

On November 16, 2018, Defendants filed a motion to direct Plaintiffs to comply with Federal Rule of Civil Procedure 5(b)(1). Defs.' Mot. Direct, ECF No. 48. Plaintiffs filed a motion to strike Defendants' motion. Pls.' Mot. Strike Mot. Order, ECF No. 49. Defendants filed an opposition to Plaintiffs' motion to strike, Defs.' Opp'n Mot. Strike, ECF No. 50, following which Plaintiffs filed a motion to strike all DOJ filings in this case, Pls.' Mot. Strike All DOJ Filings, ECF No. 52. Plaintiffs also filed a motion for a hearing regarding their previous motion to alter judgment.

### III. LEGAL STANDARD

A motion under Rule 59(e) is "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998)); *see also Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C. Cir. 2004). Granting a Rule 59(e) motion "is discretionary and [the motion] need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted); *Solomon v. Univ. of S. Cal.,* 255 F.R.D. 303, 304 (D.D.C. 2009).

In the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), tantamount to a requirement that the judgment be "dead wrong," *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "Manifest injustice" on the other hand, requires a demonstration not only of "clear and certain prejudice to the moving party, but

also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013). Newly available evidence is "evidence that is newly discovered or previously unavailable despite the exercise of due diligence." *Niedermeier*, 153 F. Supp. 2d at 29. Newly available evidence excludes "relevant facts . . . known by the party prior to the entry of judgment [where] the party failed to present those facts." *Id.* (collecting cases); *see also S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010) (denying movant Rule 59 relief because "[t]he evidence [the movant] alludes to is not newly available; it is simply newly received [by the court]").

Rule 59(e) affords no opportunity for the parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Niedermeier*, 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see also New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). The party seeking reconsideration bears the burden of establishing that relief is warranted. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

**ANALYSIS**

Plaintiffs claim that Rule 59(e) relief is appropriate due to the "manifest injustice on Plaintiffs, their lives and cause" caused by the Court's alleged clear errors in its September 26, 2018 opinion. Pls.' Mot. Alter J. at 2. The Court first notes that Plaintiffs seek to alter its prior judgment based solely on arguments previously considered and rejected by the Court. *Compare id.* at 4-17, *with* Pls.' Mot. Show Authority at 2, ECF No. 21, *and* Pls.' Opp'n Mot. Dismiss at 5–8, 10. Mindful that a Rule 59(e) motion is not intended as an opportunity to reargue facts or theories already decided, the Court then reviews whether Plaintiffs have provided new evidence

5

that warrants altering its judgment, and considers whether its prior grant of dismissal was in clear error or created manifest injustice. The Court finds that Plaintiffs have not presented new evidence warranting alteration of its judgment, and that there was no clear error or manifest injustice. Accordingly, the Court denies the motion.[2] Because the case was previously dismissed for lack of subject matter jurisdiction and it denies the motion to alter that prior judgment, the Court also denies all remaining pending motions as moot.

### A. Plaintiffs' Arguments Are Duplicative of Their Prior Motions

Plaintiffs seek to alter this Court's September 26, 2018 judgment dismissing their claims for lack of standing. However, the issues Plaintiffs raise have all been previously argued and decided by the Court in its September 26, 2018 opinion. Plaintiffs first contend that the Court erred when it failed to declare Defendants' previous judgments invalid. Pls.' Mot. Alter J. at 9. In Plaintiffs' opposition to Defendants' motion to dismiss, as here, Plaintiffs argued that a "simple judgment indicating such finding w[ould] provide Plaintiffs all the relief they need." Pls.' Opp'n Mot. Dismiss at 10. In the September 26, 2018 opinion, the Court ruled that the "declaratory judgment Plaintiffs seek would not void or recognize as void Defendants' orders." *McNeil*, 2018 WL 4623571, at *5. The Court further explained that "[f]ederal district courts lack the power to void other federal courts' orders through a collateral attack." *Id.* (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("[It] is for the court of first instance to determine

---

[2] On January 15, 2019, Plaintiffs filed a motion for a hearing on their motion to alter the judgment. *See* Pls' Mot. Hr'g, ECF No. 53. The Local Rules provide that the decision whether to hold an oral hearing on a motion rests within the Court's sole discretion. *Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 126 (D.D.C. 2011) (quoting D.D.C. R. 7(f)). Because the issues presented by the parties in their briefings on the motion to alter judgment are straightforward, the Court denies the motion for a hearing.

the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.").

Second, Plaintiffs contend that the Court erred when it failed to recognize as true the allegations in the Complaint. Pls.' Mot. Alter J. at 4. Defendants previously argued that even if Plaintiffs' allegations were true, this Court lacked jurisdiction to review the claims. Defs.' Mem. Supp. Mot. Dismiss at 5, ECF No. 23-1. The Court agreed, and noted in its prior opinion that "even if the Court were to assume for the purposes of this analysis that Plaintiffs have suffered injuries in fact and that those injuries are fairly traceable to the conduct of the defendants, Plaintiffs have still failed to establish standing because the relief they seek would not redress their injuries." *McNeil*, 2018 WL 4623571, at *5.

Plaintiffs' third contention has also been previously litigated and decided on by the Court. Plaintiffs claim that judicial immunity is not available in lawsuits seeking declaratory relief. Pls.' Mot. Alter J. at 10–13. Plaintiffs raised the issue of judicial immunity in their opposition, Pls.' Opp'n. Mot. Dismiss at 5–7, and the Court briefly touched on the issue in its opinion, noting that "judges acting in their judicial capacity, as here, are likely to be absolutely immune from actions for equitable relief under *Bivens*." *McNeil,* 2018 WL 4623571, at *3 n.2. This was not a component of the Court's judgment on the merits.

Similarly, the Court has previously addressed Plaintiffs' fourth contention. Plaintiffs argue that the Court improperly procured DOJ representation for the Defendants. Pls.' Mot. Alter J. at 16. This is the same argument Plaintiffs raised in a previous motion to strike, where they claimed that "a trio of unauthorized attorneys" represented Defendants. Pls.' Mot. Strike Filing at 1. Although the Court denied that motion to strike as moot in its September 26, 2018 opinion, it noted that "the Court [would] not interfere with the Department of Justice's decision

to represent Defendants who . . . have been sued for orders they issued as federal judges"
*McNeil*, 2018 WL 4623571, at *4 n.3.

Finally, Plaintiffs' argument that they have not been afforded meaningful adjudication of their claims has been decided on by the Court. Plaintiffs argue that "entry on a Circuit Docket is NOT evidence of adjudication" and that this Court "knows [Plaintiffs] have no Access to meaningful Appellate Relief." Pls.' Mot. Alter J. at 11, 14, 17. Plaintiffs previously argued this point in their opposition to Defendants' motion to dismiss, claiming that "nothing other than a nominal fiction of appellate relief exists in the Circuit Court of Appeals for the District of Columbia, when appeals are filed by *pro per* litigants." Pls.' Opp'n Mot. Dismiss at 7. The Court briefly addressed the issue in its opinion, stating that "a review of the affirmances of each of Judge Cooper's and Judge Jackson's decisions regarding the underlying cases demonstrates which D.C. Circuit judges reviewed Plaintiffs' appeals." *McNeil*, 2018 WL 4623571, at *7. And this issue is unrelated to the Court's findings as to subject matter jurisdiction.

## B. Rule 59(e) Relief is Unwarranted

Because they ask for relief under Rule 59(e), the Court need not consider Plaintiffs' previous contentions except to the extent these arguments point to new evidence, clear error, or manifest injustice. See *Firestone*, 76 F.3d at 1208 (holding that Rule 59(e) relief is appropriate when "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks and citation omitted)).[3] And because none of Plaintiffs' arguments suggest either that new evidence warrants

---

[3] Plaintiffs do not argue that there has been any intervening change of controlling law since the September 26, 2018 opinion. *See generally* Pls.' Mot. Alter J.

8

altering the Court's September 26, 2108 opinion, that there was a clear error, or that manifest injustice resulted from the opinion, the Court denies the motion.

First, Plaintiffs ask the Court to take judicial notice of two June 2018 opinions, in *Ellis v. Jackson*, No. 16-2313 (D.D.C.) and *Stanley v. Lynch*, No. 16-2313 (D.D.C.). Pls.' Mot. Alter J. at 2. Although Rule 59(e) provides an avenue for a district court to consider newly available evidence, these supplemental filings are not newly available. *See Niedermeier*, 153 F. Supp. 2d at 28 (holding that Rule 59(e) does not permit a movant to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and internal quotation marks omitted)); *see also Turner v. U.S. Capitol Police*, No. 12-45, 2014 WL 169871, at *1–2 (D.D.C. Jan. 16, 2014) (denying Rule 59(e) motion because plaintiff merely repeated arguments previously raised and rejected). Here, the June 2018 filings were available to Plaintiffs before this Court's opinion on September 26, 2018, and they are therefore not new evidence that the Court can consider.

Second, the Court finds no clear error or manifest injustice in its September 26, 2018 opinion. In the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond*, 286 F.R.D. at 22 (quoting *Lightfoot*, 355 F. Supp. 2d at 422), tantamount to a requirement that the judgment be "dead wrong," *Lardner*, 875 F. Supp. 2d at 53 (quoting *Parts & Elec. Motors, Inc.*, 866 F.2d at 233). Similarly, "[t]he standard of proving manifest injustice is ... high," *Roane v. Gonzales*, 832 F. Supp .2d 61, 66 (D.D.C. 2011) (quoting *In re Motion of Burlodge Ltd.*, No. 08-525, 2009 WL 2868756, at *7 (D.D.C. Sept. 3, 2009)). Neither standard is satisfied here.

First, the Court identifies no clear error or manifest injustice in its previous conclusion that Plaintiffs lack Article III standing, and thus that their case must be dismissed. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," and a

party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A party cannot establish standing when it does not offer evidence of injury in fact, a causal connection between the injury and the alleged misconduct, and redressability. *Id.* A "deficiency on any one of the three prongs suffices to defeat standing." *US Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).

"Redressability examines whether the relief sought, assuming that the court chooses to grant it, w[ould] likely alleviate the particularized injury alleged by the plaintiff." *West v. Lynch*, 845 F.3d 1228, 1235 (D.C. Cir. 2017) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663–64 (D.C. Cir. 1996)). It "requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion explaining the exercise of its power." *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (emphasis in original). To demonstrate that their injuries are redressable, Plaintiffs must show in the first instance that the court is capable of granting the relief they seek. *See Newdow v. Roberts*, 603 F.3d 1002, 1010–11 (D.C. Cir. 2000) (plaintiffs could not establish redressability because "[i]t [was] impossible for th[e] court to grant [their requested] relief").

Here, as discussed in this Court's previous opinion, Plaintiffs have not established standing because a declaratory judgment from this Court would not redress their injuries. In its previous opinion, the Court explained that the declaratory relief Plaintiffs sought would be meaningless because "[f]ederal district courts lack the power to void or otherwise alter other federal courts' orders through a collateral attack." *McNeil*, 2018 WL 4623571, at *5. Plaintiffs offer no evidence on why the Court's prior decision was "dead wrong" or how they were prejudiced by it. Instead, Plaintiffs summarily conclude that the Court's decision was wrong and

that the Court knows it "has power to look at the 'judgments' in question, and ignore them as the legal nullity they are" but refuses to do so. Pls.' Mot. Alter J. at 10. Defendants argue that Plaintiffs have failed to "demonstrate that the Court's central holding— that Plaintiffs lack Article III standing—was in clear error or caused them sufficient harm to constitute a manifest injustice." Defs.' Mem. Opp'n Pls.' Mot. Alter J. at 8, ECF No. 46. The Court agrees, and concludes that Plaintiffs have not met their burden of proving clear error or manifest injustice.

Plaintiffs similarly fail to show why the Court's previous decision not to interfere with the Attorney General's decision to represent Defendants was in clear error or created manifest injustice. *See McNeil*, 2018 WL 4623571, at *4 n.3. Plaintiffs claim that the Court created manifest injustice by fabricating a rationale to "procur[e] free representation for his fellow attorneys." Pls.' Mot. Alter J. at 16. But Plaintiffs do not substantively address the Court's finding that the decision to procure Department of Justice representation falls within the discretion of the Attorney General, and thus that the Court would defer to that discretionary authority. The Court concludes that Plaintiffs' argument fails to meet the high standard required to constitute manifest injustice.

Plaintiffs' other arguments point to issues that are unrelated to the Court's dismissal of their case for lack of subject matter jurisdiction. But in any event, the Court's prior opinion was not in clear error and did not create manifest injustice. With respect to judicial immunity, Plaintiffs offer conflicting authority from outside the Circuit to support their argument. *Id.* at 13–14. As to Plaintiffs' allegation that the Court erred when it refused to accept the allegations in the Complaint as true, Plaintiffs fail to recognize that the Court did not adjudicate their claim based on their claimed injuries in the Complaint, because the Plaintiffs lacked standing for the Court to even hear their case. And Plaintiffs provide no evidence or authority to support their

11

renewed allegations that their prior cases were not adjudicated. *See id.* at 14, 17-18. Plaintiffs' attempt to relitigate these matters does not identify a clear error or manifest injustice created by the Court's prior decision, particularly when not one of these issues was relevant to the Court's judgment dismissing the case for lack of subject matter jurisdiction. The Court thus declines to alter or amend its prior grant of dismissal because Plaintiffs have not identified any cognizable basis to alter the judgment under Rule 59(e).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Alter Judgment (ECF No. 45) is **DENIED**. Plaintiffs' Motion for Hearing (ECF No. 53) is **DENIED**. Because this case was previously dismissed for lack of subject matter jurisdiction and the Court has denied the motion to alter its judgment, all remaining pending motions are **DENIED AS MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 28, 2019
RUDOLPH CONTRERAS
United States District Judge